**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

INFERNAL TECHNOLOGY, LLC, and §
TERMINAL REALITY, INC., §
                                 §
    *Plaintiffs,*             §           Civil Action No. 2:18-cv-00144-JRG
                                 §
v.                               §              Jury Trial Demanded
                                 §
MICROSOFT CORP., §
                                 §
    *Defendant.*            §

---

**PLAINTIFFS' MOTION TO COMPEL**
**ANSWERS TO INTERROGATORIES**

---

**BUETHER JOE & CARPENTER, LLC**

Eric W. Buether
Christopher M. Joe
Brian A. Carpenter
Niky (Bukovcan) Bagley
Kenneth P. Kula
Michael D. Ricketts
Blake W. Buether
Michael C. Pomeroy

1700 Pacific Avenue, Suite 4750
Dallas, Texas 75201
Telephone:     (214) 466-1271
Facsimile:     (214) 635-1827

**ATTORNEYS FOR PLAINTIFFS**
**INFERNAL TECHNOLOGY, LLC AND**
**TERMINAL REALITY, INC.**

# I.      INTRODUCTION

Plaintiffs Infernal Technology, LLC and Terminal Reality, Inc. ("Plaintiffs"), file this motion to compel Defendant Microsoft Corporation ("Microsoft") to answer interrogatories in this patent infringement lawsuit. [1]

# II.      ARGUMENT

## A.      Applicable Legal Standards

Under Rule 26(b)(1), "[u]nless otherwise limited by court order, ... [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).  The Local Rules of the Eastern District of Texas provide further guidance suggesting that information is "relevant to any party's claim or defense [if]: (1) it includes information that would not support the disclosing parties' contentions; ... (4) it is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense...." Local Rule CV-26(d).

Rule 37 of the Federal Rules of Civil Procedure allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence. *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006). Once the moving party establishes that the materials requested are within the scope of permissible discovery, the

---

[1]   Exhibit A attached hereto is an excerpt of the interrogatories at issue in this motion and Microsoft's responses to those interrogatories.

burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted. *Id.  See also Halleen v. Belk, Inc.*, No. 4:16-CV-55, 2018 WL 3735579, at *1 (E.D. Tex. Aug. 6, 2018).

**B.     Defendant Microsoft's Objections and Answers to the Interrogatories are Improper**

Interrogatory No. 1 asks Microsoft to disclose the factual bases underlying each of the following affirmative defenses asserted by Microsoft:  equitable estoppel, implied license, patent exhaustion, disclaimer and/or waiver.   Microsoft's response consists of making the simple statement that "Terminal Reality provided Microsoft with access to source code for the Infernal game engine which Plaintiffs allege incorporates the alleged inventions of the patents-in-suit." This statement does not set forth how this asserted fact supports any of the five asserted affirmative defenses and constitutes a complete failure to respond to the interrogatory.

Microsoft's response also refers to two documents produced by Plaintiffs and Microsoft's response to Interrogatory No. 17.  The two documents incorporated by reference are the redacted and unredacted versions of the Patent License, Release and Settlement Agreement entered into between Plaintiffs and Electronic Arts, Inc.   Similarly, Interrogatory No. 17 is directed to Microsoft's express license defense and Microsoft's response discusses only the Electronic Arts Patent License, Release and Settlement Agreement as a basis for that defense.   Microsoft's response to Interrogatory No. 17 and the Electronic Arts Patent License, Release and Settlement Agreement do not have anything to do with the five asserted affirmative defenses that are the subject of Interrogatory No. 1.  Microsoft's response to Interrogatory No. 1 does not provide any factual basis for any of these affirmative defenses.

Microsoft's response to Interrogatory No. 1 also contains a litany of vague, general objections which are without merit.  For example, Microsoft also objects to this interrogatory "as disproportionate, overbroad, and unduly burdensome to the extent it seeks 'all facts' in support

of Microsoft's affirmative defense."   It is well-established that "[g]eneral or boilerplate objections are invalid," and "[o]bjections to discovery must be made with specificity, and the responding party has the obligation to explain and support its objections." *Lopez v. Don Herring Ltd.*, No. 3:16-CV-2663-B, 2018 WL 3641688, at *8 (N.D. Tex. Aug. 1, 2018).  This Court has condemned the use of such boilerplate, general objections. *Halleen v. Belk, Inc.*, No. 4:16-CV-55, 2018 WL 3735579, at *3 (E.D. Tex. Aug. 6, 2018).[2]

Interrogatory No. 2 is directed to Microsoft's asserted marking defense and seeks a description of the factual basis for that defense.  The only substantive statement by Microsoft in its response is as follows:

> "Plaintiffs appear to contend that their products (including the Infernal game engine), as well as other products to which Plaintiffs have granted a license to the patents-in-suit, incorporate the alleged inventions of the patents-in-suit."

This says nothing at all about the factual basis for Microsoft's allegation that, "to the extent that Plaintiffs have failed to properly mark any of their relevant products or have failed to require others to mark any relevant products as required by 35 U.S.C. § 287."  For example, Microsoft has not identified the specific products it alleges Plaintiffs have failed to properly mark or failed to require others to mark as required by 35 U.S.C. § 287 and the factual basis for the allegation that Plaintiffs were required to mark such products or obligated to require others to mark such products.  Nor has Microsoft described (i) who sold, offered for sale or imported the product, (ii) when the product was sold, offered for sale or imported, (iii) the quantity of such product sold, offered for sale or imported the product, as requested.

---

[2]   Regarding the request for "all facts," Plaintiffs have acknowledged that Microsoft "is not required to make an extensive investigation in responding to an interrogatory, but [it] must pull together a verified answer by reviewing all sources of responsive information reasonably available to [it] and providing the responsive, relevant facts reasonably available to [it]. *See* 8B Wright, Miller & Marcus, Fed. Prac. & Proc. § 2174 (3d ed. 2013). *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016).

Although Microsoft's answer further directs Plaintiffs to pages from Plaintiffs' answers to interrogatories served in the *Infernal v. Electronic Arts* case, these pages merely identify Terminal Reality Products or third-party products which Plaintiffs contended embodied one or more claims of the Patents-in-Suit. The cited pages do not provide the information requested from Microsoft regarding the factual basis for its marking defense allegations in Interrogatory No. 2 discussed above.[3]

Microsoft further objects to this interrogatory "to the extent it seeks information within Plaintiffs' possession and to which Plaintiffs have superior access." This objection is baseless, as the interrogatory seeks **Microsoft's knowledge** of facts supporting **its** marking defense. Microsoft made the allegation contending that Plaintiffs failed to comply with the marking requirement. Moreover, the Federal Circuit has held that "an alleged infringer who challenges the patentee's compliance with § 287 bears an initial burden of production to articulate the

---

[3] Microsoft also objects to this interrogatory "as compound and containing multiple subparts, in that it expressly contains multiple subparts and seeks information regarding the distinct topics of the sales of Plaintiffs' products and Plaintiffs' marking obligations." The two subparts of Interrogatory No. 2 involve related questions. The first subpart seeks identification of the specific products Microsoft alleges Plaintiffs failed to properly mark or failed to require others to mark and the factual basis for the allegation that Plaintiffs were required to mark such products or obligated to require others to mark such products. The second subpart seeks further information about such products, such as (i) who sold, offered for sale or imported the product, (ii) when the product was sold, offered for sale or imported, (iii) the quantity of such product sold, offered for sale or imported the product. *See Erfindergemeinschaft Uropep GbR v. Eli Lilly and Co.*, 315 F.R.D. 191, 194 (E.D. Tex. 2016). Although there is no precise test for determining "discreteness" under a Rule 33(a)(1) inquiry, most courts including the Eastern District of Texas follow the "related question" approach. *Id.* at 196. The test applied under the "related question" approach is "subparts that are logically or factually subsumed within and necessarily related to the primary question should not be treated as separate interrogatories." *Id.* This test, however, must be tempered by a "pragmatic approach" that asks if an interrogatory "threatens the purpose of Rule 33 by combining into one interrogatory several lines of inquiry that should be kept separate." The pragmatic approach "calls for the court to apply the governing standard with an eye to the competing purposes of Rule 33(a)(1): allowing reasonable latitude in formulating an inquiry to elicit as complete an answer as possible, while at the same time not allowing the multiplication of interrogatories to the point that it defeats the purposes underlying the 25-interrogatory limit." *Id*. at 196-97. Even if the subparts were treated as unrelated, Plaintiffs have not exceeded the limit on interrogatories in this case.

products it believes are unmarked "patented articles" subject to § 287." *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, No. 2017-1475, 2017 WL 6044237, at *10 (Fed. Cir. Dec. 7, 2017).

Interrogatory No. 4 asks Microsoft to describe "the circumstances surrounding each separate instance when someone working for or on behalf of Microsoft became aware of either of the Patents-in-Suit prior to the commencement of this action," including: (a) who became aware of the Patents-in-Suit; (b) when Microsoft became aware of the Patents-in-Suit; (c) how Microsoft became aware of the Patents-in-Suit; (d) what action did Microsoft take after Microsoft became aware of the Patents-in-Suit, to avoid infringement of the Patents-in-Suit, when did it take such action and who was involved in taking such action.  Microsoft's answer to this interrogatory fails to provide most of the information requested.

For example, Microsoft fails to identify a single person working for or on behalf of Microsoft that became aware of the Patents-in-Suit prior to the commencement of this action, or when each such person became aware of the patents.  Although Microsoft notes that "U.S. Patent No. 7,061,488 was cited in correspondence between the Primary Examiner of U.S. Patent Application No. 11/147,921 and Microsoft's outside counsel during the prosecution of that application" and "is cited on the face of U.S. Patent No. 7,528,766, which issued from Application No. 11/147,921," this does not provide the specific "who" and "when" information requested.  Microsoft does not identify which "correspondence" and which "outside counsel" for Microsoft who received the "correspondence" it is referring to in its answer.  Microsoft does not identify any in-house counsel, inventors or other Microsoft employees who became aware of the Patents-in-Suit prior to the commencement of this action.  In addition, Microsoft does not disclose whether someone other than Microsoft's outside counsel working on the `921 patent application became aware of either of the Patents-in-Suit prior to the commencement of this action outside of the prosecution of that patent application and, if so, when that occurred.

**PLAINTIFFS' MOTION TO COMPEL ANSWERS TO INTERROGATORIES**                    **Page 5**

Interrogatory No. 6 asks Microsoft to identify "all video games developed, tested, published, distributed, sold, or offered for sale by You that use any of the Accused Engines other than the Accused Games."   Microsoft's objection to this interrogatory on the ground that discovery in a patent case must be limited to the products specifically accused in a plaintiff's infringement contentions has been soundly rejected by the Court.   It is well settled in the Eastern District that "there is no bright line rule that discovery is permanently limited to the products specifically accused in a party's [infringement contentions]."   *Honeywell Int'l, Inc. v. Acer Am. Corp.,* 655 F. Supp. 2d 650, 655 (E.D. Tex. 2009).   Discovery may be properly extended to "products 'reasonably similar' to those accused in [infringement contentions]."   *Honeywell,* 655 F. Supp. 2d at 654 (quoting *EpicRealm Licensing LLC v. Autoflex Leasing, Inc. (EpicRealm I),* No. 2:05–cv–163, 2007 WL 2580969, at *3 (E.D. Tex. Aug. 27, 2007)).   *See also DDR Holdings, LLC v. Hotels.com, L.P.*, No. 2:06-CV-42-JRG, 2012 WL 2935172, at *2 (E.D. Tex. July 18, 2012).

Plaintiffs have clearly articulated that the Accused Game Engines infringe the Patents-in-Suit and why they infringe.   Interrogatory No. 6 only asks for the identity of video games sold by Microsoft not already specifically accused of infringement that also use the Accused Game Engines.[4]   The unaccused video games using the same infringing game engines as the accused video games are without a doubt reasonably similar to the Accused Games.

Interrogatory No. 15 seeks certain specific information concerning the amount of revenue (gross and net) earned by Microsoft from the sale in the United States of any (a) Accused Games, (b) Accused Xbox Consoles, and (c) Accused Surface Computing Devices since 2011. Microsoft, instead of providing an answer to this interrogatory identifying these revenue figures, merely referred Plaintiffs to 463 pages of financial spreadsheets pursuant to Rule 33(d) of the

---

[4]  Plaintiffs agreed to limit the scope of this interrogatory to such video games **sold** by Microsoft.

Federal Rules of Civil Procedure.  Microsoft has improperly invoked Rule 33(d) in response to Plaintiffs' Interrogatory No. 15.

A party may respond to an interrogatory by referencing business records or abstracts only if the burden of deriving the answer to the interrogatory is substantially the same for the propounding party as the responding party.  *See* Fed. R. Civ. P. 33(d).  In this case, it is apparent that this burden is not substantially the same for Plaintiffs as it is for Microsoft because the information either is not fully contained in the documents or because it is too difficult to extract from those documents or both.  *See RSI Corp. v. Int'l Bus. Machines Corp.*, No. 5:08-CV-3414 RMW, 2012 WL 3095396, at *1 (N.D. Cal. July 30, 2012).

In this case, the financial information disclosed in the 463 pages of spreadsheets referred to by Microsoft is categorized using acronyms or other short-hand descriptions that are incomprehensible to anyone other than Microsoft accounting personnel.  It is not feasible for anyone other than Microsoft personnel to interpret the meaning of these categories.  Moreover, even if these categories were clear, it is substantially more burdensome for Plaintiffs to determine how any revenues and costs identified in these records correspond to the gross and net revenues relevant to the sales of the Accused Games, Accused Xbox Consoles and Accused Surface Computing and Gaming Devices.  *See RSI Corp. v. Int'l Bus. Machines Corp.*, 2012 WL 3095396, at *2.  *See also In re Lithium Ion Batteries Antitrust Litig.*, No. 13MD02420YGRDMR, 2015 WL 4999762, at *2–3 (N.D. Cal. Aug. 21, 2015) ("LG Chem's use of Rule 33(d) is inadequate because the information is not fully contained in the documents and may be difficult to extract . . .  [because] the authors of the emails used code names and symbols to refer to competitors, effectively frustrating outsiders' attempts to comprehend the communications.").  Thus, Microsoft's mere reference to the 463 pages of indecipherable financial records is not a proper use of Rule 33(d).  Microsoft must provide narrative answers providing the requested information.

Dated:  November 29, 2018

Respectfully submitted,

**BUETHER JOE & CARPENTER, LLC**

By: */s/ Eric W. Buether*
    Eric W. Buether (Lead Counsel)
    State Bar No. 03316880
    Eric.Buether@BJCIPLaw.com
    Christopher M. Joe
    State Bar No. 00787770
    Chris.Joe@BJCIPLaw.com
    Brian A. Carpenter
    State Bar No. 03840600
    Brian.Carpenter@BJCIPLaw.com
    Niky (Bukovcan) Bagley
    State Bar No. 24078287
    Niky.Bagley@BJCIPLaw.com
    Kenneth P. Kula
    State Bar No. 24004749
    Ken.Kula@BJCIPLaw.com
    Michael D. Ricketts
    State Bar No. 24079208
    Mickey.Ricketts@BJCIPLaw.com
    Blake W. Buether
    State Bar No. 24096765
    Blake.Buether@BJCIPLaw.com
    Michael C. Pomeroy
    State Bar No. 24098952
    Michael.Pomeroy@BJCIPLaw.com

    1700 Pacific Avenue, Suite 4750
    Dallas, Texas 75201
    Telephone:    (214) 466-1271
    Facsimile:    (214) 635-1827

**ATTORNEYS FOR PLAINTIFFS**
**INFERNAL TECHNOLOGY, LLC AND**
**TERMINAL REALITY, INC.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 29th day of November, 2018.  Any other counsel of record will be served by facsimile transmission and first class mail.


*/s/ Eric W. Buether*
Eric W. Buether

## CERTIFICATE OF CONFERENCE

The undersigned counsel has complied with this court's meet-and-confer requirement pursuant to LOCAL RULE CV-7(h) and (2), and the motion is opposed.

On October 9, 2018, Plaintiffs served Defendant Microsoft with Plaintiffs' First Set of Interrogatories to Defendant Microsoft Corporation (the "Interrogatories").  On October 15, 2018, Microsoft served its Responses and Objections to Interrogatories.

On October 26, 2018, I sent to counsel for Defendant Microsoft a 22-page letter detailing the lack of merit in Microsoft's objections to Plaintiffs' Interrogatories and the incompleteness of Microsoft's answers to the Interrogatories, and requesting Microsoft to supplement those deficient interrogatories with responsive information, and seeking a meet and confer to further discuss these issues. On November 1, 2018 counsel for the parties participated in a telephone conference to discuss the deficiencies outlined in the October 26 letter and whether Microsoft would supplement its responses and withdraw its objections.  Participating in the telephone conference were Eric W. Buether, Ken Kula, Mickey D. Ricketts, and Blake W. Buether on behalf of Plaintiffs and Sonal Mehta, Eugene Novikov, Tim Horgan-Kobelski, Eric Weiner, and Melissa Smith on behalf of Defendant.  During the telephone conference, Microsoft's counsel stated that Microsoft despite reading the 22-page October 26 letter, did not know what Plaintiffs wanted regarding responsive supplementations to the interrogatories outline in the October 26 letter, and refused to withdraw their objections.

After the telephone conference, on November 15, 2018, counsel for Microsoft sent to me a response to the October 26, 2018 letter defending its objections to the Interrogatories and refusing to provide supplementation to many of the interrogatories except when it learns of additional facts that would require supplementation. Microsoft's counsel stated that it would only supplement its response to interrogatories Nos. 2, 5, and 10 as appropriate, based on its ongoing investigation and in view of recently produced documents.  The letter, however, did not state what information would be supplemented.  Furthermore Microsoft refused to withdraw any of its objections. To date, Plaintiffs have received no supplementations of interrogatories Nos. 2, 5, or 10, and Plaintiffs have received no indication of when any supplementation would be arriving. Therefore, Plaintiffs have filed this motion to compel.

*/s/ Eric W. Buether*
Eric W. Buether

**PLAINTIFFS' MOTION TO COMPEL ANSWERS TO INTERROGATORIES        Page 10**