IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| INFERNAL TECHNOLOGY, LLC, <br> TERMINAL REALITY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MICROSOFT CORP., <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 2:18-CV-00144-JRG |

## ORDER

Before the Court is Defendant Microsoft Corporation's ("Microsoft") Motion to Compel Production of Infringement Expert Report and Infringement Contentions from Prior Litigation Involving the Same Asserted Patents and Claims (the "Motion to Compel"). (Dkt. No. 83.) Microsoft seeks to compel the production of Plaintiffs Infernal Technology, LLC and Terminal Realty, Inc.'s (collectively, "Plaintiffs") final infringement contentions and infringement expert's report from a related case against Electronic Arts, Inc. ("EA"), 2:15-cv-1523-JRG-RSP (the "EA Case").

Also before the Court is Microsoft's Unopposed Motion for Leave to File Reply in Support of Its Motion to Compel (the "Motion for Leave"). (Dkt. No. 85.) "Microsoft believes that a reply brief is needed to correct the record …." (*Id.* at 1.) However, Microsoft seeks leave not to correct any factual representations but "for the limited purpose of addressing Microsoft's disagreements with specific characterization of caselaw on page 7 of Plaintiffs' opposition brief." (*Id.*) The Court is satisfied with its ability to properly read and apply the caselaw cited by either party. Accordingly, the Motion for Leave is hereby **DENIED**. For the same reasons, Plaintiffs' Unopposed Motion for

Leave to File a Sur-Reply (Dkt. No. 88) is **DENIED**. Therefore, the Court does not consider either Microsoft's Reply (Dkt. No. 86) or Plaintiffs' Sur-Reply (Dkt. No. 89).

Having considered the parties' other arguments and authorities, and for the reasons set forth herein, the Court finds that the Motion to Compel should be and hereby is **GRANTED**.

### I. Legal Standard

The rules of discovery "are to be accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials." *Herbert v. Lando*, 441 U.S. 153, 176 (1979). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case …." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, or unduly burdensome or oppressive, and thus should not be permitted." *SSL Servs., LLC v. Citrix Sys., Inc.*, No. 2:08-cv-158-TJW, 2010 WL 547478, at *2 (E.D. Tex. Feb. 10, 2010).

### II. Factual Background

In September 2015, Plaintiffs brought suit against EA asserting that EA's Frostbite video game engine infringed U.S. Patent Nos. 6,362,822 and 7,061,488. (Dkt. No. 84, at 2; EA Case, Dkt. No. 1.) Plaintiffs ultimately settled and dismissed the EA Case. (EA Case, Dkt. No. 143.) Shortly thereafter, Plaintiffs brought this action against Microsoft, asserting that Microsoft's CryEngine video game engine infringes the same patents. (Dkt. No. 1.) Microsoft sought discovery of Plaintiffs' infringement theories from the EA Case. Plaintiffs have produced their preliminary

infringement contentions but have resisted requests to produce their final infringement contentions or their infringement expert's report from the EA Case (the "EA Infringement Materials").

### III. Discussion

Plaintiffs' initial reason for opposing the production of the EA Infringement Materials was that these documents contain EA's confidential information. (Dkt. No. 83, at 1–2; *see also* Dkt. No. 84, at 1.) However, EA has stated that it does not object to the production of these documents. (Dkt. No. 83-2.) Further, there is no reason why EA's confidential information cannot be adequately protected via the Protective Order governing this case. (Dkt. No. 58.)

Instead, Plaintiffs primarily argue that the EA Infringement Materials are "completely irrelevant" because the video game engine accused of infringement in this case is "completely distinct" from the video game engine accused of infringement in the EA Case. (Dkt. No. 84, at 1.) However, Microsoft does not seek this discovery so that it can compare Microsoft and EA's *products*. Rather, Microsoft argues that these materials are relevant because they bear on Plaintiff's (and Plaintiffs' former expert's) understanding of the *claims* asserted in this case, which were also asserted against EA. (*E.g.*, Dkt. No. 83, at 6 ("Insofar as Plaintiffs' allegations against EA evince a broader or non-overlapping reading of the *claims* than their allegations here, that bears on the scope of what should, according to Plaintiffs' own litigation positions, constitute invalidating prior art.") (emphasis added).)

Generally speaking, any comparison between the Frostbite and CryEngine engines, or between video games employing those engines, would not tend to make a claim of infringement or invalidity more or less probable. It is well established that in determining infringement or invalidity, the proper comparison is between the claims and the accused products (for purposes of infringement) or the prior art (for purposes of invalidity). *TEK Global, S.R.L. v. Sealant Sys. Int'l,*

*Inc.*, 920 F.3d 777, 787 (Fed. Cir. 2019) (infringement); *01 Communique Laboratory, Inc. v. Citrix Sys., Inc.*, 889 F.3d 735, 742 (Fed. Cir. 2018) (invalidity).

However, since the claims are the proper comparative reference for purposes of infringement, Plaintiffs' infringement contentions and expert's report regarding infringement of EA's products would necessarily include an analysis of the claims asserted in the EA case, which Plaintiffs also assert in this case. To the extent Plaintiffs take a position in this case that is contrary to a position they or their proffered expert took in the EA Case, such a discrepancy could bear on Plaintiffs' credibility. *See Transclean Corp. v. Jiffy Lube Int'l, Inc.*, 474 F.3d 1298, 1307 (Fed. Cir. 2007).

Plaintiffs' prior litigation positions regarding the same claims asserted in this case are relevant to the claims and defenses in this case. *See Apple, Inc. v. Samsung Elecs. Co.*, No. C 11-1846 LHK, 2012 WL 1232267, at *6 (N.D. Cal. Apr. 12, 2012); *see also Endotach LLC v. Cook Medical Inc.*, No. 1:13-cv-01135-LJM-DKL, 2014 WL 12753789, at *3 (S.D. Ind. May 16, 2014). Plaintiffs do not argue that production of the EA Infringement Materials would be overly broad, unduly burdensome, or oppressive. *See SSL Servs., LLC v. Citrix Sys., Inc.*, 2010 WL 547478, at *2. Accordingly, the Court finds that the EA Infringement Materials should be produced.

The Court specifically cautions, however, that its determination that the EA Infringement Materials are within the permissible scope of discovery is not a finding that any particular evidence or argument is appropriate to place before the jury. *See* Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable."). The Court saves till another day disputes as to whether all, some, or none of the EA Infringement Materials are admissible at trial and whether their alternative presentations as demonstratives would be proper. This Order has no impact on those future determinations whatsoever.

### IV.     Conclusion

For the reasons set forth herein, the Court finds that Microsoft's Motion to Compel (Dkt. No. 83) should be and hereby is **GRANTED**. Plaintiffs are hereby **ORDERED** to produce their final infringement contentions and infringement expert reports from *Infernal Technology, LLC v. Electronic Arts, Inc.*, 2:15-cv-1523-JRG-RSP, subject to the Protective Order in the above-captioned case. It is further **ORDERED** that any production containing EA confidential information must be designated "RESTRICTED – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE."

The parties' respective motions for leave to supplement their briefing of the Motion to Compel are **DENIED**.

**So ORDERED and SIGNED this 3rd day of May, 2019.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE